IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Criminal Action No. 07-110 GMS |
| | : |
| JOSE MANUEL ROA-BELMONTE, | : |
| | : |
| Defendant. | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and the defendant, Jose Manuel Roa-Belmonte, by and through his attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into by the respective parties:

    1.    The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of a Felony Information, which charges him with illegal reentry following an order of removal, in violation of 8 U.S.C. § 1326(a). The maximum penalties for Count One of the Felony Information are two years imprisonment, a $250,000 fine, not more than one year of supervised release, and a $100.00 special assessment.

    2.    The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following essential elements of the offense: (1) the defendant is an alien; (2) the defendant was removed from the United States; (3) the defendant thereafter was found in the United States; (4) without having obtained permission from the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States.

3. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

4. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1(a).

5. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6. The United States will file a motion to dismiss petty offense number 07-05 at or before sentencing in this matter.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises,

///

representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

/s/ Luis A. Ortiz
Luis A. Ortiz, Esquire
Attorney for Defendant

/s/ Douglas E. McCann
Douglas E. McCann
Assistant United States Attorney

/s/ José Manuel Roa Belmonte
Jose Manuel Roa-Belmonte
Defendant

Dated: 9/14/07

**AND NOW**, this 14th day of Sept 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

/s/ Gregory M. Sleet
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

FILED
SEP 14 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE